UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60247-CIV-LENARD/TURNOFF

**EASY FLY S.A.L.**, a Lebanese
**company,**

    Plaintiff,

v.

**AVENTURA AVIATION, INC.**, a
**Florida limited liability company, et**
**al.,**

    Defendants.
_____/

## ORDER OVERRULING RECOMMENDATIONS OF MAGISTRATE JUDGE (D.E. 76) AND GRANTING DEFENDANT GAYER'S MOTION TO QUASH, ALTERNATIVELY MOTION TO DISMISS (D.E. 37)

**THIS CAUSE** is before the Court on the Order and Recommendation of Magistrate Judge William C. Turnoff ("Order and Recommendation," D.E. 76), issued on May 26, 2010. On June 9, 2010, Defendant Henry Gayer ("Gayer") filed objections to the Order and Recommendation ("Objections," D.E. 78). On June 15, 2010, the Court sua sponte directed Gayer to file a memorandum of law in support of his Objections including any case law in support of his argument that the Court lacked personal jurisdiction over him. (See D.E. 81.) On June 29, 2010, Gayer filed his memorandum of law in support of his Objections.[1] (See D.E. 86.) On July 6, 2010, Plaintiff Easy Fly S.A.L. ("Easy Fly"), filed its response to

---

[1] Gayer was originally provided until June 22, 2010, to file his memorandum of law. (See D.E. 81.) He subsequently requested and received an extension of time until June 29, 2010, to file his memorandum. (See D.E. 84, 85.)

Gayer's memorandum of law. (See D.E. 88.) Having considered the Order and Recommendation, Objections, related pleadings, and the record, the Court finds as follows.

**I.  Background**

On approximately November 10, 2009, Easy Fly filed the instant action in state court. On February 19, 2010, Defendants Aventura Aviation, LLC ("Aventura") and Allen Blattner ("Blattner") removed the case to federal court. Easy Fly's complaint asserts various claims relating to the failed purchase of a 2001 Bombardier model CL-600-2B19 aircraft. (See Complaint, D.E. 12-1 at ¶ 12.) Easy Fly alleges that on or about July 30, 2008, Easy Fly and Aventura entered into an agreement whereby Easy Fly was to purchase the aircraft from Aventura for $11,000,000.[2] (Id. at ¶¶ 14-16.) As part of that agreement, Easy Fly agreed to provide Aventura with a $250,000 deposit, refundable in the event the aircraft was not delivered. (Id. at ¶¶ 16-18.) Easy Fly alleges that on October 20, 2008, it sought further assurances from Aventura that Aventura possessed the authority to sell the aircraft in question. (Id. at ¶ 20.) Aventura assured Easy Fly that it possessed the authority to sell the aircraft and that proof of such authority was forthcoming. (Id. at ¶ 21.) Despite this assurance, Aventura lacked the authority to sell the aircraft. (Id. at ¶¶ 22-23.) As a result, on October 31, 2008, Easy Fly notified Aventura that it was cancelling the transaction and demanded the return of its deposit. (Id. at ¶¶ 24-25.) Easy Fly renewed this demand on

---

[2]  Easy Fly's Complaint contains several scrivener's errors, particularly with regard to the dates of certain events. For example, although paragraph 14 of the Complaint alleges the agreement took place on July 30, 2009, that date is contradicted by the agreement attached as Exhibit A, as well as Easy Fly's subsequent description of events.

February 20, 2009.  (Id. at ¶ 26.)  Aventura refused to refund the deposit.  Consequently, Easy Fly filed its Complaint alleging: (1) breach of contract; (2) unjust enrichment; (3) conversion; (4) constructive trust; (5) fraud; (6) fraud in the inducement; (7) fraudulent misrepresentation; (8) fraudulent conveyance; and (9) conspiracy, against Aventura, Gayer, and Blattner.

The Complaint asserts that Gayer was the alter-ego of Aventura and a point of contact between Easy Fly and Aventura.  (Id. at ¶¶ 6, 10.)  With respect to Gayer, the Complaint asserts that he is subject to the jurisdiction of this Court pursuant to Florida Statutes §§ 48.071, 48.181, and 48.194.  (Id. at ¶ 5.)  Furthermore, the Complaint states, "[t]his Complaint arises from Defendants' business activities in Florida."  (Id. at ¶ 7.)  The Complaint does not contain any other allegations relating to Gayer's connection to Florida or any conduct that occurred in Florida.

On April 5, 2010, Gayer filed a motion to quash service, or alternatively, motion to dismiss for lack of personal jurisdiction.  (See "Motion," D.E. 37.)  Gayer's Motion seeks to quash service based on Easy Fly's alleged failure to comply with the mechanism for substituted service through Florida's Secretary of State pursuant to Florida Statutes §§ 48.161 and 48.181.  Gayer contends that he is a resident of New York and has never personally been served with the Complaint.  Gayer also contends that he does not operate, conduct, engage in, or carry on a business in Florida and he did not appoint a public officer as his agent for service under Florida Statutes § 48.161.  In support, he includes an affidavit wherein he states

he has "not operated, conducted, engaged in, or carried on a business in Florida at any time relevant to Plaintiff's claims" and he does not do so currently. (See Gayer Affidavit, D.E. 49-1 at ¶ 5.)[3] The affidavit also states, "I am not an alter ego of Aventura Aviation, L.L.C. I made no representations to Plaintiff as alleged in the Complaint, and I committed none of the wrongful acts alleged of me in the Complaint." (Id. ¶ 6.) Finally, the affidavit states that, "[w]hile Aventura Aviation, L.L.C. was formed in Florida, it has conducted no business in Florida at any time relevant to Plaintiff's claims, and maintains no office, employees or assets in Florida." (Id. at ¶ 7.) Gayer further contends that Easy Fly failed to comply with the "affidavit of compliance" requirement of Florida Statutes § 48.161. Alternatively, Gayer seeks to dismiss the Complaint for lack of personal jurisdiction based upon his lack of contacts with Florida.

On May 18, 2010, the Magistrate Judge held a hearing on Gayer's Motion. The Order and Recommendation was subsequently issued on May 26, 2010.

## II.   Magistrate Judge's Order and Recommendation

The Order and Recommendation, inter alia, recommends the Court deny Gayer's request to quash service and deny without prejudice Gayer's request to dismiss the Complaint for lack of personal jurisdiction. First, with regard to the issue of service, the Magistrate Judge accepted Easy Fly's "affidavit of compliance" nunc pro tunc and found Easy Fly had complied with the requirements of Florida Statutes § 48.161. Finding that Gayer was at a

---

[3]   Gayer previously submitted an undated affidavit as part of his motion. (See D.E. 37-1.)

minimum holding himself out as the registered agent and manager for Aventura, substituted service via Florida's Secretary of State was permitted. Second, the Order and Recommendation found premature the issue of whether personal jurisdiction exists over Gayer. The Magistrate Judge found:

> At this juncture, we simply do not know enough about Gayer's ties to Florida to make a determination as to personal jurisdiction. What we do know is that the Florida's Division of Corporations website reflects that Gayer is listed as the registered agent for at least four (4) active Florida corporations – Aventura being one of them.

(Order and Recommendation at 5.) The Magistrate Judge determined that based upon the lack of discovery in this case, and assuming that Gayer at a minimum filed annual reports and other documents with the Department of State, the issue of personal jurisdiction was premature.

Gayer's objects to both aspects of the Order and Recommendation. First, Gayer argues he did not engage in business in Florida merely because he was listed as the registered agent and manager for Aventura. Therefore, service was insufficient under Florida's long-arm statute. Second, Gayer objects to the Magistrate Judge's analysis of personal jurisdiction. Gayer's affidavit sets forth that he conducts no business in Florida and the Complaint alleges no wrongful conduct that occurred in Florida. Gayer further argues that under the "corporate shield doctrine," any activity undertaken by Gayer on behalf of Aventura does not provide a basis for jurisdiction under Florida's long-arm statute, Florida Statutes § 48.193. Gayer argues that the only evidence supporting personal jurisdiction

submitted by Easy Fly is the affidavit of Talal Wahab ("Wahab"), submitted on the day of the hearing before the Magistrate Judge.[4] (See Wahab Affidavit, D.E. 67-1.) That affidavit states, "[d]uring the discussions between Easy Fly, S.A.L. and Aventura Aviatiton [sic], LLC and Allen Blattner and Henry Gayer, I had meetings with Henry Gayer in Miami, Florida, during the first week of January, 2009 to discuss details of the transaction." (Id. at ¶ 4.) Nothing else is alleged either in the Complaint or Wahab's Affidavit that provides any other connection between any of the defendants and Florida. Gayer argues that Easy Fly has failed to set forth any facts sufficient for personal jurisdiction in response to his own affidavit which conclusively denies any facts which would demonstrate any contacts with Florida. Gayer further argues that the "alleged isolated meetings in the first week of January 2009 in which discussions were had concerning the contract to be signed between the parties is not a sufficient minimum contact to give rise to general personal jurisdiction." (D.E. 86 at 4.) Finally, Gayer objects to the Magistrate Judge's use of information from the Florida Division of Corporation's website as it was not part of the record and neither party asked the Magistrate Judge to take judicial notice of such records.

### III.   Standard of Review

Upon receipt of the Order and Recommendation and Gayer's Objections, the Court must now "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §

---

[4] It is unclear whether the Magistrate Judge considered Wahab's affidavit as part of its determination.

636(b)(1)(C); see FED. R. CIV. P. 72(b)(3). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. In making its determination, the district court is given discretion and "is generally free to employ the magistrate judge's findings to the extent that it sees fit." Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1245 (11th Cir. 2007).

**IV.   Discussion**

    **A.   Service of Process**

Florida Statutes § 48.181(1) authorizes service on non-residents engaging in business in Florida and states:

> The acceptance by any person or persons, individually or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his or her whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the Secretary of State of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations.

Florida Statutes § 48.161(1) describes the method of substituted service and states:

> When authorized by law, substituted service of process on a nonresident or a person who conceals his or her whereabouts by serving a public officer designated by law shall be made by leaving a copy of the process with a fee of $ 8.75 with the public officer or in his or her office or by mailing the copies by certified mail to the public officer with the fee. The service is sufficient service

> on a defendant who has appointed a public officer as his or her agent for the service of process. Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his or her attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his or her attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows, or the notice and copy shall be served on the defendant, if found within the state, by an officer authorized to serve legal process, or if found without the state, by a sheriff or a deputy sheriff of any county of this state or any duly constituted public officer qualified to serve like process in the state or jurisdiction where the defendant is found. The officer's return showing service shall be filed on or before the return day of the process or within such time as the court allows. The fee paid by the plaintiff to the public officer shall be taxed as cost if he or she prevails in the action. The public officer shall keep a record of all process served on him or her showing the day and hour of service.

"In order to serve a nonresident pursuant to section 48.181, the complaint must allege specific facts which show that the defendant is conducting business in Florida and that the cause of action arose from business activities within this state." Newberry v. Rife, 675 So. 2d 684, 685 (Fla. 2d DCA 1996) (citing Connell v. Ott Research & Dev., Inc., 377 So. 2d 219 (Fla. 3d DCA 1979)); Pelycado Onroerend Goed B.V. v. Ruthenberg, 635 So. 2d 1001, 1003 (Fla. 5th DCA 1994). Florida courts have further explained that, "in order to support substituted service of process on a defendant, the complaint must allege the jurisdictional requirements prescribed by statute. If it fails to do so, then a motion to quash process should be granted." Alhussain v. Sylvia, 712 So. 2d 806, 806 (Fla. 4th DCA 1998) (citing Farouki v. Attel et Cie, 682 So. 2d 1185 (Fla. 4th DCA 1996); Wiggam v. Bamford, 562 So. 2d 389, 390 (Fla. 4th DCA 1990)).

The Court finds service should be quashed. Although the Magistrate Judge

determined substitute service was properly effected because Gayer was holding himself out as the registered agent and manager of a Florida corporation, the Court disagrees. Easy Fly's Complaint does not set forth any specific facts which show Gayer, as an individual or even on behalf of Aventura, conducted any business in Florida or that any cause of action arose from business activities in the state. The Complaint very generally states "[t]his Complaint arises from Defendants' business activities in Florida." In his motion to quash service, Gayer very clearly sets forth in an affidavit that he does not operate, conduct, engage in, or carry on a business in Florida, did not appoint a public officer as his agent for service, and is not an alter ego of Aventura Aviation, L.L.C. In response, Easy Fly did not set forth any facts demonstrating Gayer conducts or engages in business in Florida or that any cause of action arises from such business activities. This despite numerous opportunities to do so through various pleadings and at the hearing conducted by the Magistrate Judge.  Thus, the Court finds Easy Fly has failed to meet the requirements for substituted service of process under § 48.181 and service should be quashed. Additionally, the Court notes strict compliance with Florida's statutes regarding service of non-residents is required and service could have been quashed based upon Easy Fly's failure to timely file an affidavit of compliance. See Pelycado, 635 So. 2d at 1003-04 ("Absent strict compliance with the statutes, the trial court had no jurisdiction").

### B.   Personal Jurisdiction

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie

case of jurisdiction." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009) (citing Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1214 (11th Cir. 1999); Polskie Linie Oceaniczne v. Seasafe Transp. A/S, 795 F.2d 968, 972 (11th Cir. 1986)). Where the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." Id. (quoting Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1268 (11th Cir. 2002)).

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Id. Florida's long-arm statute provides, in relevant part, that:

> Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> (b) Committing a tortious act within this state.

FLA. STAT. § 48.193(1). A defendant may also be subject to general jurisdiction under Florida's long-arm statute as provided in Florida Statutes § 48.193(2) which states, "[a] defendant who is engaged in substantial and not isolated activity within this state, whether

10

such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity."

The Court finds Easy Fly has failed to allege sufficient facts to establish a prima facie case of jurisdiction and has failed to produce any evidence supporting jurisdiction in response to Gayer's affidavit and Motion. Easy Fly's Complaint fails to allege sufficient facts demonstrating Talal Wahab engaged in business in Florida and that any cause of action arises from those business activities. See Pelycado, 635 So.2d at 1003 (trial court lacks jurisdiction where the plaintiff's complaint fails to set forth jurisdictional allegations that the defendant is engaged in business in the state and that the cause of action arises from these business activities); Newberry, 675 So.2d at 684 (same). Although the Complaint states that "[t]his Complaint arises from Defendants' business activities in Florida," it does not allege that Gayer conducts business in Florida. (See Complaint at ¶ 7.) Aside from this deficiency, the general allegations contained in the Complaint also do not allege any facts which show Gayer was conducting business in Florida or that any cause of action arose from such business activities in Florida. Thus, Easy Fly fails to allege sufficient facts in its Complaint to support personal jurisdiction over Gayer.

Additionally, once jurisdiction was challenged by Gayer, Easy Fly fails to bolster its Complaint through affidavits of its own or through any other evidence establishing jurisdiction. Easy Fly has failed to set forth any facts supporting personal jurisdiction as to Gayer. The only evidence which remotely supports jurisdiction is one paragraph contained

11

in Talal Wahab's affidavit.[5]  That paragraph vaguely states, "[d]uring the discussions between Easy Fly, S.A.L. and Aventura Aviatiton [sic], LLC and Allen Blattner and Henry Gayer, I had meetings with Henry Gayer in Miami, Florida, during the first week of January, 2009 to discuss details of the transaction."  As in Mazer, Easy Fly has "proffered no competent evidence to establish jurisdiction in opposition to the denials of the jurisdictional allegations" by Gayer.  556 F.3d at 1280.  Moreover, the fact that Gayer serves as the registered agent for Aventura and may serve as the registered agent for several other Florida corporations,[6] is insufficient to demonstrate Gayer conducted business or committed any torts in Florida or engaged in any substantial activity within this state.  The record is completely devoid of any facts demonstrating Gayer possessed minimum contacts with Florida such that this Court's exercise of jurisdiction over him in this action would not violate due process.  Thus, Easy Fly's Complaint fails to allege sufficient facts to demonstrate personal jurisdiction and it has not met its burden in producing evidence in rebuttal to Gayer's challenge to personal jurisdiction and corresponding affidavit.

The Court also finds that jurisdictional discovery is not warranted.  Although the Magistrate Judge determined the issue of personal jurisdiction was premature, the Court finds

---

[5] This information was not contained in the Magistrate Judge's Order and Recommendation nor in any of the pleadings.  Moreover, Easy Fly does not even appear to be relying upon Wahab's affidavit as it is never mentioned in Easy Fly's several briefs submitted on this issue.

[6] As the record is somewhat unclear as to Gayer's involvement as the registered agent for several other Florida corporations and it appears neither side requested the Magistrate Judge take judicial notice of such facts, the Court declines to consider Gayer's involvement with other Florida corporations as part of this jurisdictional analysis.

Easy Fly is not automatically entitled to conduct jurisdictional discovery where the Complaint and affidavits submitted fail to support personal jurisdiction and Easy Fly itself has failed to request discovery or explain what discovery is needed. Easy Fly did not seek leave to conduct jurisdictional discovery in its response to Gayer's Motion.[7] (See D.E. 47; Mazer, 556 F.3d at 1280-81 (finding the district court did not abuse its discretion in dismissing a defendant for lack of personal jurisdiction instead of granting a request for jurisdictional discovery where the defendant "never formally moved the district court for jurisdictional discovery but, instead, buried such requests in its briefs as a proposed alternative").) Therefore, based upon the facts of this case, the Court finds that permitting jurisdictional discovery despite an absence of facts supporting jurisdiction or any formal request for such discovery, would be inappropriate.

Accordingly, consistent with this Order, it is hereby **ORDERED AND ADJUDGED** that:

1. The Magistrate Judge's May 26, 2010, Order and Recommendation is **OVERRULED** insofar as Defendant Henry Gayer's Motion to Quash Service, or Alternatively Motion to Dismiss for Lack of Personal Jurisdiction (D.E. 37) is **GRANTED**;

2. Plaintiff's substituted service upon Defendant Henry Gayer is **QUASHED**;

---

[7] Easy Fly's response to Gayer's Objections and corresponding memorandum of law argues that although it feels it has set forth sufficient facts to establish personal jurisdiction it also plans to conduct jurisdictional discovery to demonstrate Gayer possesses sufficient minimum contacts with Florida in light of the Magistrate Judge's ruling. (See D.E. 88 at 5.)

    **3.**      The Complaint is **DISMISSED** without prejudice as to Defendant Henry Gayer pursuant to Rules 12(b)(2) and 12(b)(4) of the Federal Rules of Civil Procedure due to lack of personal jurisdiction and insufficient service of process.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of November, 2010.

*[signature]*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**