UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60247-CIV-LENARD/TURNOFF

**EASY FLY S.A.L.**, a Lebanese company,

 Plaintiff,

v.

**AVENTURA AVIATION, INC.**, a Florida limited liability company, et al.,

 Defendants.

_____/

## ORDER GRANTING THIRD-PARTY DEFENDANT TALAL S. WAHAB'S MOTION TO QUASH SERVICE (D.E. 95)

**THIS CAUSE** is before the Court on Third-Party Defendant Talal S. Wahab's Motion to Quash Service ("Motion," D.E. 95), filed on September 29, 2010. On October 20, 2010, Defendant/Third-Party Plaintiff Aventura Aviation, LLC, filed its response in opposition to the Motion ("Response," D.E. 102), to which Wahab filed a reply ("Reply," D.E. 112) on November 5, 2010.[1] Having reviewed the Motion, related pleadings, and the record, the

---

[1] On October 25, 2010, Wahab inexplicably filed an "Amended Motion to Quash Service." (See D.E. 103) He also filed a "Notice of Filing Sworn Statement" (D.E. 104), attaching a barely legible and undated document purporting to be the sworn statement of Talal S. Wahab. On October 27, 2010, the Court struck the amended motion "as (1) it fail[ed] to include a memorandum of law pursuant to S.D. Fla. Local Rule 7.1(a); (2) Wahab [did not seek] leave to amend his motion to quash or [explain] why amendment is necessary; and (3) Wahab's Amended Motion to Quash Service appears to be more akin to a reply or supplement to his original motion." (See D.E. 108.)

Court finds as follows.

**I.      Background**

On approximately November 10, 2009, Easy Fly filed the instant action in state court. On February 19, 2010, Defendants Aventura Aviation, LLC ("Aventura") and Allen Blattner ("Blattner") removed the case to federal court. Easy Fly's complaint asserts various claims relating to the failed purchase of a 2001 Bombardier model CL-600-2B19 aircraft ("Aircraft"). (See Complaint, D.E. 12-1 at ¶ 12.) Easy Fly alleges that on or about July 30, 2008, Easy Fly and Aventura entered into an agreement whereby Easy Fly was to purchase the Aircraft from Aventura for $11,000,000.[2] (Id. at ¶¶ 14-16.) As part of that agreement, Easy Fly agreed to provide Aventura with a $250,000 deposit, refundable in the event the Aircraft was not delivered. (Id. at ¶¶ 16-18.) Easy Fly alleges that on October 20, 2008, it sought further assurances from Aventura that Aventura possessed the authority to sell the Aircraft in question. (Id. at ¶ 20.) Aventura assured Easy Fly that it possessed the authority to sell the Aircraft and that proof of such authority was forthcoming. (Id. at ¶ 21.) Despite this assurance, Aventura lacked the authority to sell the Aircraft. (Id. at ¶¶ 22-23.) As a result, on October 31, 2008, Easy Fly notified Aventura that it was cancelling the transaction and demanded the return of its deposit. (Id. at ¶¶ 24-25.) Easy Fly renewed this demand on

---

[2]      Easy Fly's Complaint contains several scrivener's errors, particularly with regard to the dates of certain events. For example, although paragraph 14 of the Complaint alleges the agreement took place on July 30, 2009, that date is contradicted by the agreement attached as Exhibit A, as well as Easy Fly's subsequent description of events.

February 20, 2009. (Id. at ¶ 26.) Aventura refused to refund the deposit. Consequently, Easy Fly filed its Complaint alleging: (1) breach of contract; (2) unjust enrichment; (3) conversion; (4) constructive trust; (5) fraud; (6) fraud in the inducement; (7) fraudulent misrepresentation; (8) fraudulent conveyance; and (9) conspiracy, against Aventura, Gayer, and Blattner.

On March 2, 2010, Aventura filed a Counterclaim and Third-Party Complaint against Easy Fly and Talal S. Wahab ("Wahab"). (See "Third-Party Complaint," D.E. 6.) The Third-Party Complaint alleges Wahab, Easy Fly's Chief Executive Officer, stole trade secrets from Aventura after entering into the contract and misrepresented Easy Fly's intent to form a partnership with Aventura. (Id. at ¶¶ 11-15.) The Third-Party Complaint also alleges that Easy Fly and Wahab attempted to circumvent the contract by purchasing the Aircraft directly from Aventura's supplier. (Id. at ¶¶ 16-20.) The Third-Party Complaint further alleges that Easy Fly breached two other agreements to locate or provide other aircraft. (Id. at ¶¶ 21-28.) As a result, Aventura raises claims of (1) breach of contract, (2) tortious interference with business relationship, (3) misappropriation of trade secrets, (4) fraud, (5) fraudulent inducement, and (6) unjust enrichment, against Easy Fly and Wahab.

On June 3, 2010, the Court issued an Order to Show Cause (D.E. 77), directing that, "pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff has until June 30, 2010, to file proof of service as to Defendant Talal S. Wahab, or show cause why this defendant should

not be dismissed for lack of service."[3] On June 30, 2010, Aventura filed its response to the Court's Order to Show Cause and requested an additional ninety days to serve Wahab. (See D.E. 87.) On July 22, 2010, the Court granted nunc pro tunc Aventura's request and permitted Aventura until September 30, 2010, to file proof of service as to Wahab. (See D.E. 91.) On August 31, 2010, Aventura filed a "Notice of Service of Third-Party Defendant, Talal S. Wahab, Through Florida Department of State" (D.E. 94), indicating Aventura had sent process to the Florida Department of State in order to effectuate service pursuant to Florida Statutes § 48.161. The notice also states Aventura was sending Wahab copies of the notice along with the summons and the Third-Party Complaint via certified mail. On September 29, 2010, Wahab filed his Motion to quash service. On September 30, 2010, Aventura filed an Affidavit of Compliance (D.E. 96) in compliance with Florida's statutes.

**II.     Motion**

Wahab's Motion seeks to quash service based upon Aventura's failure to effect service pursuant to Rule 4(f) of the Federal Rules of Civil Procedure and because the Third-Party Complaint fails to state a proper third-party claim.[4] The Motion argues Aventura has

---

[3]     Rule 4(m) of the Federal Rules of Civil Procedure states in part that, "[i]f a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

[4]     Although Wahab indicates he moves to quash service "for improper service and failure to state a claim upon which relief can be granted," he cites Rule 12(a) of the Federal Rules of Civil Procedure. Wahab's argument that Rule 14 does not permit Aventura to state a claim against him since he is not liable in indemnity, is completely without merit and does not warrant further discussion.

4

failed to comply with Rule 4(f) in serving Wahab, who is a resident of Saudi Arabia.

In response, Aventura argues it properly effected service of process on Wahab at Easy Fly's main office in Beirut, Lebanon. In support, Aventura attaches a print-out of Easy Fly's website showing its main office is located at City Suite, 10th Floor, Caracas Street, Raouche 74, Simon, Beirut, Lebanon. Also, Aventura's Affidavit of Compliance states the Florida Department of State received notice that the summons and Third-Party Complaint were accepted in Lebanon on September 3, 2010. The Affidavit of Compliance attaches a return receipt indicating someone at the address described above signed for the documents. Therefore, Aventura argues it has perfected service of process pursuant to Florida Statutes §§ 48.161 and 48.181.[5]

---

[5] Florida Statutes § 48.181(1) authorizes service on non-residents engaging in business in Florida and states:

> The acceptance by any person or persons, individually or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his or her whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the Secretary of State of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations.

Florida Statutes § 48.161(1) describes the method of substituted service and states:

> When authorized by law, substituted service of process on a nonresident or a

In reply, Wahab argues that Florida's statutes do not govern service upon a foreign resident for proceedings in this Court and that Rule 4(f) instead applies. Wahab also points to the undated statement he submitted indicating: (1) he is a resident of Saudi Arabia; (2) the signature on the return receipt is not his; and (3) he has "not received service of any pleadings by Defendant Aventura Aviation, LLC, Defendant Allen Blattner and/or Defendant Henry Gayer." (See D.E. 104.) Accordingly, Wahab argues service of process was deficient under Rule 4(f).

### III.   Discussion

Rule 4(f) of the Federal Rules of Civil Procedure provides the framework for service upon an individual in a foreign country and states:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served

---

person who conceals his or her whereabouts by serving a public officer designated by law shall be made by leaving a copy of the process with a fee of $ 8.75 with the public officer or in his or her office or by mailing the copies by certified mail to the public officer with the fee. The service is sufficient service on a defendant who has appointed a public officer as his or her agent for the service of process. Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his or her attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his or her attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows, or the notice and copy shall be served on the defendant, if found within the state, by an officer authorized to serve legal process, or if found without the state, by a sheriff or a deputy sheriff of any county of this state or any duly constituted public officer qualified to serve like process in the state or jurisdiction where the defendant is found. The officer's return showing service shall be filed on or before the return day of the process or within such time as the court allows. The fee paid by the plaintiff to the public officer shall be taxed as cost if he or she prevails in the action. The public officer shall keep a record of all process served on him or her showing the day and hour of service.

>at a place not within any judicial district of the United States:
>(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>>(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>(B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>(C) unless prohibited by the foreign country's law, by:
>>>(i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>(3) by other means not prohibited by international agreement, as the court orders.

With regard to Rule 4(f)(3), the Advisory Committee Notes to the 1993 Amendments further clarify that, "[i]nasmuch as our Constitution requires that reasonable notice be given, an earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law." See also, Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries, 353 F.3d 916, 927 (11th Cir. 2003). In turn, due process requires the method of service "must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection.'" Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016-17 (9th Cir. 2002) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

The Court finds service should be quashed. Service of process upon an individual defendant in a foreign country must comply with Rule 4(f). That rule sets forth in detail the

various mechanisms by which service may be effected. Rather than attempting service pursuant to Rule 4(f), Aventura has exclusively attempted service of process via Florida Statutes §§ 48.161 and 48.181. Thus, there are no facts in the record that would support the type of service effected by Aventura. Aventura purportedly served Wahab in Lebanon. Yet there is no indication whether he was served pursuant to an internationally agreed means of service such as the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents pursuant to Rule 4(f)(1). There is also no evidence regarding Lebanon's laws for service of process or whether the form of service attempted would be prohibited in Lebanon as would be relevant pursuant to Rule 4(f)(2)(A) and (C). No letters rogatory were ever sent and as such service could not proceed under Rule 4(f)(2)(B). Finally, Aventura does not indicate it is attempting alternative service under Rule 4(f)(3) and that Rule's language, specifically "as the court orders," typically prompts parties to seek leave from the court well in advance of any attempt at service. Accordingly, it is **ORDERED AND ADJUDGED** that Third-Party Defendant Talal S. Wahab's Motion to Quash Service (D.E. 95), filed on September 29, 2010, is **GRANTED** and service is **QUASHED** for failure to comply with Rule 4(f) of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers at Miami, Florida this 10th day of November, 2010.

/s/ Joan A. Lenard
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**